UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DERREL AUSTIN aka DERREL MOORE,
96-B-0336

                Petitioner,

       -v-

GEORGE DUNCAN, Superintendent,
Great Meadow Correctional Facility,

                Respondent.

**DECISION AND ORDER**
02-CV-0732S(Sc)

## BACKGROUND

Petitioner Derrel Austin ("Austin"), acting *pro se*, seeks relief pursuant to 28 U.S.C. § 2254,[1] alleging that his conviction in Supreme Court, Erie County, State of New York, on October 27, 1995, was unconstitutionally obtained and that he received an excessive sentence. Austin's conviction and sentence were affirmed by the New York Supreme Court Appellate Division, Fourth Department on March 13, 1998,[2] and leave to appeal was

---

[1] Austin's *habeas corpus* petition was filed on October 15, 2002 (Docket No. 1).

[2] People v. Austin, 248 A.D.2d 968, 670 N.Y.S.2d 157 (4th Dep't 1998). In its decision affirming petitioner's conviction, the Appellate Division held that no prejudicial error had occurred at trial and petitioner's sentence was not excessive:

> [D]efendant contends that Supreme Court erred in permitting the prosecutor to cross-examine him regarding his involvement in a homicide for which he was not charged that occurred after the crimes for which he was on trial. While the prosecutor has the right to impeach defendant's credibility with contradictory statements concerning other criminal activity, the prosecutor must be cautious not to prejudice defendant's right to a fair trial. Under the facts of this case and in light of the overwhelming proof of defendant's guilt, we conclude that reversal is not required in this instance (see, People v. Crimmins, 36 N.Y.2d 230, 242 (1975)).
>
> The sentence is not unduly harsh or severe . . . (*see*, CPL 470.15[6][b]). We have examined defendant's remaining contentions and conclude that they are without merit.

denied by the New York Court of Appeals on June 18, 1998.[3]

By Order of this Court, filed October 23, 2002 (Docket No. 3), Austin was advised that his petition appeared untimely and was directed to file information addressing the issue of timeliness under 29 U.S.C. § 2244(d)(1), which imposes a one-year statute of limitations on the filing of § 2254 *habeas* petitions. The limitations period is counted from—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the [United States] Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1) and (2), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or the "Act"), Pub. L. No. 104-132, 110 Stat. 1214, effective April 24, 1996.

On November 5, 2002, petitioner filed his response (Docket No. 4). The Court

---

[3] People v. Austin, 92 N.Y.2d 857, 677 N.Y.S.2d 77 (1998) (Table).

found that petitioner had failed to provide sufficient information to make a determination on timeliness and, because petitioner is *pro se*, allowed him to file an additional response explaining the reasons for his delay in appealing the state court's denial of a collateral attack on his conviction (Docket No. 5).

Petitioner filed his additional response on December 16, 2002 (Docket No. 6) and, by Order filed on December 20, 2002, the Court deemed the petition timely under 28 U.S.C. § 2244(d)(1).  The Order does not state whether the petition, which is untimely on its face, was "deemed timely" based upon an application of statutory tolling under § 2244(d)(2), or equitable tolling.

Respondent filed an answer and memorandum of law on January 30, 2003, arguing that the petition must be denied because of untimeliness and on other grounds (Docket Nos. 8 and 9).

It is well established that a district court's interlocutory orders and rulings are subject to modification by the court at any time prior to final judgment. In re United States, 733 F.2d 10, 13 (2d Cir. 1984).  This Court has examined respondent's timeliness arguments and Austin's submissions and, as explained fully below, now finds that the petition must be dismissed as untimely.

## **DISCUSSION**

As already noted, Austin's application for leave to appeal to the New York Court of Appeals was denied on June 18, 1998.  Thus, his conviction became final on September 16, 1998, the day on which his time to seek direct review by writ of certiorari to the United States Supreme Court expired.  Walker v. Artuz, 208 F.3d 357, 358 (2d Cir. 2000), *rev'd*

*on other grounds sub nom.* <u>Duncan v. Walker</u>, 533 U.S. 167, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001). Austin did not file this *habeas corpus* petition until October 15, 2002, over four years after his conviction became final. On its face, then, the petition was filed well beyond the one-year statute of limitations period established by the AEDPA. However, the limitations period is tolled for the time during which a properly filed application for State post-conviction or other collateral review is pending, 28 U.S.C. § 2244(d)(2), and may be equitably tolled in the rare and exceptional circumstance, <u>Smith v. McGinnis</u>, 208 F.3d 13, 17 (2d Cir. 2000) (*quoting* <u>Turner v. Johnson</u>, 177 F.3d 390, 391-92 (5th Cir.), *cert. denied*, 528 U.S. 1007, 145 L. Ed. 2d 389, 120 S. Ct. 504 (1999)). Therefore, the timeliness of the petition depends, in the first instance, on the extent to which any post-conviction applications or motions tolled the statute of limitations.

On April 6, 1999, Austin filed a N.Y. CRIM. PROC. LAW § 440.10 motion to vacate his conviction. The 201 days that elapsed between Austin's conviction becoming final and his filing of the § 440.10 motion are not subject to tolling because no properly filed application for post-conviction or other collateral review was pending during that period. Statutory tolling did commence with Austin's filing of his § 440.10 motion, which was subsequently denied by the Fourth Department on May 26, 2000. Austin had 30 days thereafter in which to file an application seeking leave to appeal, but did not do so. Thus, the limitations period was tolled from April 6, 1999 through June 26, 2000.[4] <u>Bennett v. Artuz</u>, 199 F.3d 116, 120 (2d Cir. 1999) (holding that, under 28 U.S.C. § 2244(d)(2), a state-court

---

[4] The 30 days expired on June 25, 2000, a Sunday, thereby affording Austin one additional day to seek leave.

application "is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures"), *aff'd*, 531 U.S. 4, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000).

Austin then had 164 days remaining on the one-year limitations period, which expired on December 7, 2000. No further state-court application for post-conviction or other collateral review was filed prior to the expiration of the limitations period. Austin's *habeas* petition, which was not filed until October 15, 2002, is therefore untimely.[5]

Austin contends that the Court should consider his petition despite its statutory untimeliness because: (1) the requirements of state exhaustion made it impossible for him to submit his *habeas* petition sooner; (2) he lacked education and knowledge; (3) he was confined to his cell without access to the facility's law library; (4) he was arrested at the age of 16; and (5) he is actually innocent (Docket Nos. 4 and 6).

Equitable tolling, such as is urged by Austin, is applied by the courts only in "rare and exceptional" circumstances where judged necessary as a matter of fairness. Smith, 208 F.3d at 17-18. The mere existence of extraordinary circumstances is not sufficient; those circumstances must have actually prevented the petitioner from filing his *habeas* petition on time. Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000) (citation omitted), *cert. denied*, 536 U.S. 925, 122 S. Ct. 2593, 153 L. Ed. 2d 782 (2002). In addition, a party

---

[5] In August 2001, prior to filing his *habeas* petition, Austin requested an extension of time to appeal the denial of his § 440.10 motion, which request was granted on November 9, 2001. Austin sought leave to appeal on or about December 5, 2001, and leave was denied on June 19, 2002. While the Court acknowledges this further post-conviction proceeding, we note that the time in which to seek *habeas* relief had expired some eight months prior and any tolling attendant to this further proceeding is of no effect. See Bethea v. Girdich, 293 F.3d 577, 578-79 (2d Cir. 2002) (neither state-court applications for collateral relief nor motions to extend the time to appeal can "restart" the AEDPA limitations period) (citations omitted).

seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll. Smith, 208 F.3d at 17. The burden is on the petitioner to demonstrate that he has met the high standard required before the Court may consider applying equitable tolling. Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001), *cert. denied*, 536 U.S. 925, 122 S. Ct. 2593, 153 L. Ed. 2d 782 (2002) ("[P]etitioner [must] 'demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances.'") (*quoting* Valverde, 224, F.3d at 134).

Here, Austin has not identified any "extraordinary circumstance" which made it impossible to file his petition within the one-year time period. His claims are discussed *seriatim*.

> (1) There was no way possible for me to have submitted petition any sooner ... without running the risk of being barred for failing to first exhaust my state remedies.... (Docket No. 4)

Statutory tolling expressly permits the exhaustion of state remedies without time penalty and this assertion fails to present a colorable argument, much less an extraordinary circumstance. Smith, 208 F.3d at 17 (the proper calculation of § 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending).

> (2) With my seventh grade education, I had no way of knowing I had to appeal this judgment in order to exhaust my state remedies. (Docket No. 6)

Austin's level of education, a circumstance shared by many inmates, is not a rare and exceptional one that would justify the application of equitable tolling. Francis v. Miller,

198 F. Supp. 2d 232, 235 (E.D.N.Y. 2002) (noting that limited education, ignorance of the law and legal procedure, lack of funds, limited access to legal assistance, and limited use of the prison library are not so "exceptional" as to merit equitable tolling); Fennell v. Artuz, 14 F. Supp. 2d 374, 377 (S.D.N.Y. 1999) (the "excuse" of being uneducated and unfamiliar with legal research and legal procedures does not warrant equitable tolling since virtually all inmates can make the same claim).

> (3)   When I received the [May 26, 2000] judgment I was confined to my cell and denied access to the facilities [sic] law library. ... Upon being released from confinement I was able to once again properly access the facility law library where I found out I couldn't proceed to the Federal courts because I failed to appeal my judgement [sic] of my 440 motion. (Docket No. 6)

Although Austin had two opportunities to provide the Court with information as to why his petition should not be dismissed as untimely, he did not specify the amount of time he was confined to his cell, nor did he otherwise indicate how this confinement prevented him from timely filing his petition. Austin does not claim to have been deprived of all access to legal materials during cell confinement, but only access to the law library. Moreover, because he provided no information about the duration of his cell confinement, Austin has not demonstrated that he acted with reasonable diligence to pursue his claims once he was returned to standard confinement.

"In general, the difficulties attendant on prison life, such as transfers between facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents, do not by themselves qualify as extraordinary circumstances." Corrigan v. Barbery, 371 F. Supp. 2d 325, 330 (W.D.N.Y. 2005) (citations

omitted); see also, Francis, 198 F. Supp. 2d at 235.  Austin has not identified the existence of circumstances outside the "difficulties attendant on prison life" and equitable tolling is not warranted.

> (4)   I was arrested at the age of 16 yrs. old, everything I know I learned in prison. ... When I was 16 I had no way of knowing the seriousness of this case .... (Docket No. 6)

Youth alone is not sufficient to demonstrate that Austin was hampered or hindered in his ability to file a timely petition.  Minnifield v. Gomez, 3:01CV1396, 2004 U.S. Dist. LEXIS 5513, at *7-8 (D. Conn. Mar. 29, 2004) ("The mere fact that a person is sixteen or seventeen years of age is not an extraordinary impediment to filing a timely petition in federal court."), aff'd, 2005 U.S. App. LEXIS 10492 (2d Cir. June 6, 2005).

Austin was arrested in 1994.  This means that when his judgment became final on June 18, 1998, he was at least nineteen, and perhaps twenty, years old.  Austin offers no explanation as to how his age then prevented him from determining that he had until December 7, 2000 to file a timely *habeas* petition.  In short, Austin has not established the existence of an extraordinary circumstance that would warrant equitable tolling.

> (5)   I'm here for a crime I didn't committ [sic] and can prove it now if I'm given a chance. (Docket No. 6)

A district court faced with an untimely petition "in which the petitioner asserts his or her actual innocence [must first] determine, in each case, whether the petitioner has presented a credible claim of actual innocence before ruling on the legal issues" of equitable tolling and reasonable diligence.  Doe v. Menefee, 391 F.3d 147, 161 (2d Cir. 2004) (citing Whitley v. Senkowski, 317 F.3d 223, 225 (2d Cir. 2003)).   Under the

demanding standard established by the United States Supreme Court, a petitioner seeking tolling based on actual innocence "must support his claim 'with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" Menefee, 3391 F.3d at 161 (*quoting* Schlup v. Delo, 513 U.S. 298, 324 (1995)).

Austin has not advanced <u>any</u> evidence in support of his conclusory assertion of actual innocence and therefore cannot obtain equitable tolling on this basis.

**CONCLUSION**

The petition is untimely and the Court finds no merit in petitioner's arguments in support of equitable tolling. Accordingly, the petition is dismissed. In addition, because the issues raised here are not the type of issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, the Court concludes that petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and accordingly the Court denies a certificate of appealability.

The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the

United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

## ORDER

IT HEREBY IS ORDERED, that the petition is DISMISSED;

FURTHER, that a certificate of appealability is DENIED;

FURTHER, that leave to appeal as a poor person is DENIED; and

FURTHER, that the Clerk of this Court is directed to take the necessary steps to close this case.

SO ORDERED.

Dated: August 13, 2005
       Buffalo, New York

                                              /s/William M. Skretny
                                              WILLIAM M. SKRETNY
                                              United States District Judge